**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ijeoma M.C.,

Petitioner,

v.

Todd Blanche, *Acting United States Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David J. Venturella, *Acting Director, U.S. Immigration & Customs Enforcement*; Marco Charles, *Acting Executive Associate Director, Enforcement and Removal Operations*; Joel Brott, *Sheriff, Sherburne County Jail*,

Respondents.

Case No. 26-cv-3168 (JWB/DJF)

**ORDER**

---

This matter is before the Court on counsel for Petitioner's Motion to Withdraw as Counsel ("Motion") (ECF No. 6). Petitioner's attorneys state that due to a breakdown in the attorney-client relationship, they can no longer effectively and properly represent Petitioner. (ECF No. 6 at 2.) Respondents do not oppose the Motion. (ECF No. 6 at 3.)

Under Local Rule 83.7(c), withdrawal of counsel in the absence of substitute counsel is permitted only upon motion and a showing of "good cause." "What constitutes 'good cause' for the withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Cabo Holdings, LLC v. Englehart*, 07-cv-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008) (citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. Ct. App. 1986)). Similarly, pursuant to Local Rule 83.6(a), the Minnesota Rules of Professional Conduct ("MRPC") govern practice in this district, and MRPC 1.16(b)(7) permits a lawyer to

withdraw from representing a client if "good cause for withdrawal exists." Additionally, MRPC 1.16(b)(4) allows for withdrawal if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement". Local Rule 83.7(c) requires counsel to "notify his or her client of the motion." "If the requirements of these rules are satisfied, 'withdrawal is presumptively appropriate.'" *Sanford v. Made-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009)).

Petitioner's counsel argue good cause exists for withdrawal without substitution based on a breakdown in the attorney-client relationship. (ECF No. 6 at 2.) Petitioner's counsel further state that Petitioner "wishes counsel to pursue a course of action that counsel is unable to undertake." (*Id.* at 3.) They aver that they have "effectively communicated with [Petitioner] of any pending deadlines, the necessity of meeting all future deadlines, and appearing at court hearings, and the consequences of a failure to meet deadlines or appear at scheduled hearings." (*Id.*) Petitioner's counsel also state that they notified Petitioner, Petitioner's family and Respondents' counsel of their request to withdraw. (*Id.* at 3.) Petitioner has not indicated whether she opposes the Motion, but she has since filed *pro se* briefing in support of her Petition and in that filing raised no objection to the withdrawal. (ECF No. 6 at 3; ECF No. 12.) The Court accepts Petitioner's *pro se* filing as a supplement to her Petition and finds that it demonstrates Petitioner is effectively able to litigate her Petition on her own behalf.

Based on the foregoing and the record as a whole, the Court concludes there has been an irretrievable breakdown in the attorney-client relationship such that good cause for withdrawal exists. *See BBY Solutions, Inc. v. Karreman*, No. 10-cv-4726 (MJD/TNL), 2012 WL 12897874, at *1 (D. Minn. Oct. 12, 2012) (finding good cause for withdrawal based on "a 'complete breakdown in the attorney-client relationship.'"). The Court will grant the Motion for these reasons. However, to

ensure Petitioner's interests are not unduly prejudiced, counsel's Motion will not be granted, and withdrawal will not become effective, until counsel confirms Petitioner has received adequate notice of the proceedings, as set forth below.

The Court will permit Petitioner to file a Reply to Respondents' Response (ECF No. 11) by **August 7, 2026**. The Court will accept no further briefing on the Petition after that date. Petitioner's attorneys are ordered to notify Petitioner and her family of the above-stated deadline for her Reply brief, provide them with copies of this Order and Respondents' Response brief (ECF No. 11), and file a certificate of service of the same by **July 31, 2026**. Finally, to ensure Petitioner continues to receive court filings as a *pro se* litigant, upon counsel's withdrawal the Court will direct the Clerk's office to identify Petitioner's address on the docket as the facility where she is detained, currently the Sherburne County Jail in Elk River, Minnesota (*see* ECF No. 6 at 2).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED THAT:**

1. Petitioner must file any Reply to Respondents' Response (ECF No. 11) by **August 7, 2026**.

2. Petitioner's counsel shall notify Petitioner and her family of the deadline for her Reply brief, provide them with copies of Respondent's Response (ECF No. 11) and this Order, and file a certificate of service of the same by **July 31, 2026**.

3. Upon counsel filing the certificate of service required in Paragraph 2, the Court will enter an Order on counsel's Motion to Withdraw (ECF No. 6).

Dated: July 24, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge