**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ijeoma M.C.,

Petitioner,

v.

Todd Blanche, *Acting United States Attorney General;* Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; David J. Venturella, *Acting Director, U.S. Immigration & Customs Enforcement*; Marco Charles, *Acting Executive Associate Director, Enforcement and Removal Operations*; Joel Brott, *Sheriff, Sherburne County Jail*,

Respondents.

Case No. 26-cv-3168 (JWB/DJF)

**ORDER AND**
**REPORT AND RECOMMENDATION**

---

This matter is before the Court on petitioner Ijeoma M.C.'s[1] *Petition for a Writ of Habeas Corpus* (ECF No. 1) ("Petition"). Ijeoma seeks an order directing Respondents to release her immediately. As discussed below, the Court finds 8 U.S.C. § 1231 currently supports Ijeoma's continued detention and recommends the Petition be denied without prejudice on that ground.

**BACKGROUND**

Ijeoma, a citizen of Nigeria, entered the United States lawfully in August 2017. (ECF No. 1 at 5.) In April 2023, Ijeoma pled guilty to one count of conspiracy to commit international money laundering in this District. The Honorable Judge Donovan W. Frank sentenced Ijeoma to three years of probation. *United States v. Ijeoma M.C.*, No. 22-cr-210 (DWF), ECF No. 39 (D. Minn. Apr. 20, 2023). Ijeoma's Petition indicates that U.S. Immigrations and Customs

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in immigration matters.

Enforcement ("ICE") detained her on December 4, 2025. (ECF No. 1 at 6.) On December 22, 2025, the Department of Homeland Security ("DHS") issued a Final Administrative Removal Order directing her removal to Nigeria. (*Id.*) According to the Petition, Ijeoma is currently detained at the Sherburne County Jail in Elk River, Minnesota. (*Id.* at 4.)

Via sworn declarations, Deportation Officer Christopher A. Campbell avers that on February 13, 2026, ICE requested a travel document for Ijeoma from the Consulate of Nigeria in New York ("Nigerian Consulate"). (ECF No. 11-3 at 3.) On April 15, 2026, the Nigerian Consulate issued the temporary travel document. (*Id.*) At that time, Respondents were subject to a court order precluding them from removing Petitioner based on a previous habeas filing and subsequent appeal. *Ijoema M.C. v. Bondi*, No. 25-cv-4770 (ECF No. 8) (JMD/ECW) (D. Minn. Dec. 30, 2025) ("*Ijeoma M.C. I*"). The court lifted the injunction against Ijeoma's removal on May 15, 2026. *Ijeoma M.C. I* (ECF No. 32).

On the morning of July 2, 2026, Respondents transferred Ijeoma to Fort Snelling, Minnesota to process her for removal on a commercial flight to Nigeria that same day. (ECF No. 11-1 at 2.) However, according to Officer Campbell, Ijeoma "physically resisted and failed to obey officer's [sic] commands to go to the airport for her flight." (*Id.*) Officer Campbell states that, due to this resistance, ICE was unable to take Ijeoma to the airport for her scheduled removal flight. (*Id.*) Ijeoma's attorneys filed the Petition now before the Court on her behalf later that same morning. (ECF No. 1.) At 9:44 a.m., the presiding judge in this case, the Honorable Jerry W. Blackwell, issued an order precluding Ijeoma's removal:

> Respondents-along with their officers, agents, employees, and all persons acting in concert with them-shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of the United States District Court for the District of Minnesota pending further order of this Court. If Petitioner has been removed from the District of Minnesota, Respondent must immediately return Petitioner.

(ECF No. 3.)

On July 13, 2026, ICE served Ijeoma with a Notice of Failure to Comply with her removal. (ECF No. 11-3 at 2.) On July 14, 2026, Ijeoma's emergency travel document to Nigeria expired. (*Id.*) However, on July 22, 2026, ICE requested a new emergency travel document from the Nigerian Consulate, which they expect to be issued without delay. (*Id.*)

Ijeoma's Petition challenges her detention primarily on the basis that more than 180 days have elapsed since her Final Administrative Removal Order and Respondents have not demonstrated that her removal to Nigeria is significantly likely to occur in the reasonably foreseeable future. (ECF No. 1 at 1.) Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), she argues, her continued detention is therefore presumptively unreasonable, and she is entitled to release. (*Id.*) This is one of numerous recent cases challenging, under *Zadvydas*, an alien's ongoing detention on the basis that Respondents are unable to show that removal is significantly likely to occur in the reasonably foreseeable future. *See, e.g.*, *Luis S.R. v. Mullin*, No. 26-cv-2642 (NEB/DJF), 2026 WL 1790914, at *5 (D. Minn. June 4, 2026), *report and recommendation adopted*, 2026 WL 1788970 (D. Minn. June 22, 2026).

In reply briefing following Respondents' description of the events on July 2, 2026, Ijeoma disputes that she "physically" resisted her removal on July 2, 2026. (ECF No. 17 at 5.) Instead, she states, she informed ICE officers that there was a pending habeas petition that had been filed on her behalf, based on representation from her former counsel. (*Id.*) Despite Respondents' previous acquisition of a travel document for Ijeoma and a scheduled deportation flight, Ijeoma reiterates her *Zadvydas* claim on the ground that the Nigerian travel document has since expired, Respondents have not acquired a new travel document, and she has not been scheduled on another deportation flight. (*Id.* at 6.) Ijeoma also argues that serious medical conditions, which she alleges

Respondents have not properly treated, further justify her release.[2] (ECF No. 1 at 12; ECF No. 17 at 4.)

## DISCUSSION

Respondents argue Ijeoma's detention is authorized under 8 U.S.C. § 1231. (ECF No. 11 at 5.) 8 U.S.C. § 1231(a) governs the detention, release, and removal of individuals like Ijeoma who are subject to a final order of removal. After the entry of a final order of removal against a noncitizen, the government generally must secure the noncitizen's removal during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The statute provides that the government "shall" detain noncitizens during the statutory removal period. 8 U.S.C. § 1231(a)(2).

After the statutory removal period expires, detention becomes discretionary. 8 U.S.C. § 1231(a)(6). But that discretion has limits. *See Zadvydas*, 533 U.S. at 697. In *Zadvydas,* the U.S. Supreme Court determined that "read in light of the Constitution's demands," Section 1231(a)(6) "does not permit indefinite detention" but instead "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. "[F]or the sake of uniform administration in the federal courts," the Supreme Court "recognize[d]" a six-month period when detention is "presumptively reasonable." *Id.* at 701. The presumption is not dispositive when a detention is longer than six months, however. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six

[2] To the extent Ijeoma seeks relief based on Respondents' alleged failure to provide proper medical care, her Petition must be denied. While the Court is sympathetic to Ijeoma's situation, a habeas petition is not the appropriate vehicle to challenge a detainee's conditions of confinement, *see, e.g., Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014), and Ijeoma has not articulated a valid reason why her medical condition and Respondents' alleged treatment of that condition would justify habeas relief.

months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Ijeoma has not met her threshold burden of providing good reason to believe there is no significant likelihood of her removal in the reasonably foreseeable future. There is no dispute that Respondents obtained a valid Nigerian travel document for Ijeoma and scheduled her on a deportation flight on July 2, 2026. Her deportation on the morning of July 2 was not only reasonably foreseeable, but, indeed, imminent. *See Berchie v. Bondi*, No. 25-cv-03197 (KMM/SGE), 2025 WL 2753393, at *2 (D. Minn. Sept. 29, 2025) ("The existence of travel documents that enable [the petitioner's] removal to Ghana and a date scheduled for his removal support a finding that there is now a significant likelihood that he will be removed from the United States in the reasonably foreseeable future."); *Chay T. v. Mullin*, No. 26-cv-2908 (LMP/ECW), 2026 WL 1870619, at *2 (D. Minn. June 30, 2026) ("The Government's receipt of Laotian travel documents … coupled with the Government's plans to remove [the petitioner] promptly after receiving those documents, demonstrates that [the petitioner's] removal is significantly likely in the reasonably foreseeable future."). It was only Ijeoma's Petition alleging that her removal was *not* reasonably foreseeable that caused her all-but-executed deportation to be scuttled.

Although Ijeoma's Nigerian travel document expired on July 14, 2026, Respondents requested a new travel document from the Nigerian Consulate on July 22, 2026. (ECF No. 11-1 at 2.) The Court agrees with Respondents that, based on the success of their previous application for a travel document for Ijeoma and the scheduling of a deportation flight, Respondents are likely to be successful in these efforts again. Although the gold standard to establish a reasonable likelihood of removal is a current travel document and scheduled deportation flight, courts

regularly find removal likely based on the government's past removal successes. *See, e.g.*, *Jaiteh v. Gonzales*, No. 07-cv-1727 (PJS/JJG), 2008 WL 2097592, at *2-*3 (D. Minn. Apr. 28, 2008) (finding a significant likelihood of removal because "ICE [had] made diligent and reasonable efforts to obtain travel documents," the noncitizen's native country "ordinarily accepts repatriation, and that country is acting on an application for travel documents"), *report and recommendation adopted,* 2008 WL 2074163 (D. Minn. May 14, 2008). Here, Respondents have not only succeeded in obtaining travel documents and flights to Nigeria generally, but for Ijeoma specifically. *See Chay T.*, 2026 WL 1870619, at *3 (finding significant likelihood of removal when government had previously secured travel documents for petitioner, but had been unable to execute removal due to court-mandated removal injunctions during litigation of petitioner's previous habeas petitions) ("given that ICE was successful in procuring travel documents … in the past, it is likely that ICE's renewed efforts undertaken just a few weeks ago will bear fruit."). Therefore, there is a significant likelihood of Ijeoma's removal in the reasonably foreseeable future. The Court recommends the Petition be denied on these grounds.[3]

Finally, the Court pauses to note a concern identified in the preparation of its Report and Recommendation in this matter: As of August 12, 2026, the Court is unable to locate Ijeoma through a search of the ICE Online Detainee Locator System, either by her name and birthdate or by her A-Number. Though such databases can be flawed, the absence of any result from this search at least raises the possibility that Respondents have already removed her, which would constitute a violation of Judge Blackwell's July 2, 2026 order (ECF No. 3). The Court therefore

---

[3] Because the *Zadvydas* issue is dispositive of the Petition, the Court does not consider Respondents' other argument for denial, that Ijeoma did not verify the Petition. *See Yee S. v. Bondi*, 806 F. Supp. 3d 894, 898 n.5 (D. Minn. Oct. 9, 2025).

orders Respondents to file a status report by August 17, 2026. The status report shall state whether Ijeoma remains detained at the Sherburne County Jail, and if not, it shall further state when, to what location, and under what circumstances she was removed or transferred.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Respondents shall file a status report consistent with this Order by **August 17, 2026**.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Petitioner Ijeoma M.C.'s *Petition for a Writ of Habeas Corpus* (ECF No. 1) be **DENIED.**

Dated: August 12, 2026

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).